**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **RAMIRO MONTES** | § | |
| **Plaintiff** | § | |
| **v.** | § | **Civil Action No. 1:26-cv-00086** |
| | § | |
| **UNITED UTILITY SERVICES, LLC, B&B** | § | |
| **ELECTRICAL & UTILITY CONTRACTORS,** | § | |
| **LLC, AND BENJAMIN HAGGARD** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## I. PARTIES

1. Plaintiff, Ramiro Montes is a resident of Montgomery County,Texas.

2. Defendant, United Utility Services, LLC (hereinafter "United Utility") is a Delaware corporation with its corporate headquarters located in New Orleans, Louisiana. United Utility Services, LLC regularly engages in business in the State of Texas. United Utility Services, LLC may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant, B&B Electrical & Utility Contractors, LLC (hereinafter "B & B") is a Mississippi Corporation with its corporate headquarters located in Canton, Mississippi. B & B Electrical & Utility Contractors, LLC may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant, Benjamin Haggard is an individual residing in the state of Oklahoma and may be served with process at 4202 N. Chapman Avenue, Shawnee, Oklahoma 74804 or any other place he may be found.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332. The amount in controversy is over $75,000.00 excluding interest and costs and the parties are completely diverse. Plaintiff is a citizen of the State of Texas, Defendant United Utility is a Delaware corporation with its headquarters in Louisiana, Defendant B&B is a Mississippi corporation and Defendant Haggard is a citizen of Oklahoma. On information and belief, none of the members of Defendants United Utility or B&B are Texas residents.

6. Venue is proper in this district under 28 U.S.C. §1391 (b)(2) because a substantial portion of the events or omissions giving rise to this claim occurred in this district.

## III. FACTS

7. October 10, 2025, Plaintiff, Ramiro Montes was in the course and scope of his employment as a construction worker working on the feeder of Highway 105 in Liberty County, Texas. Montes was working on the back of a flat-bed trailer which was parked on the improved shoulder. There were cones placed behind the trailer to alert oncoming drivers of the trailer.

8. Additionally, roadside signs were placed on the highway to notify motorists that workers were present.

9. The defendant driver left his lane of travel and entered the improved shoulder. He did not slow down or take any evasive action. The incident was recorded on his dash camera. Another vehicle following behind the defendant driver also captured the event on video.

10. Suddenly and without warning, the defendant truck entered the area occupied by the trailer and at least two construction workers. Plaintiff was struck by a freightliner owned by Defendants, United Utility and/or B&B and being driven by Defendant, Benjamin Haggard.

11. At the time of the crash Defendant, Haggard was in the course and scope of his employment with Defendants, United Utility and/or B&B. Plaintiff sustained severe physical and mental injuries

and damages resulting from this collision.

12. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants.

## IV. CAUSES OF ACTION – DEFENDANT, BENJAMIN HAGGARD

13. Defendant, Benjamin Haggard, had a duty to exercise the degree of care that a reasonably careful professional truck driver would use to avoid harm to others under the same or similar circumstances.

14. Plaintiff's injuries were proximately caused by Defendant Haggard's negligent, careless and reckless disregard of his duty as a commercial driver.

15. Defendant Haggard operated the commercial truck he was driving in a negligent manner because he violated the duty of care which he owed to Plaintiff when operating his commercial motor vehicle in one or more of the following respects:

a. In operating his vehicle in an unsafe and negligent manner.

b. In failing to keep a proper lookout, which a person of ordinary prudence would have maintained in the same or similar circumstances.

c. In operating his vehicle in a willful or wanton disregard for the safety of others;

d. In failing to take proper evasive actions to avoid colliding with Plaintiff.

e. In failing to control his speed.

f. In failing to turn, swerve or otherwise make an evasive maneuver so as to avoid the collision made the basis of this lawsuit.

g. In failing to make a timely and proper application of the vehicle's brakes.

h. In failing to operate the vehicle in obedience to the warning signs, traffic laws and regulations.

i. In being an incompetent and unsafe driver of a commercial vehicle.

j. In failing to maintain his vehicle in a single lane of travel and driving on the shoulder

when it was unsafe to do so.

k. In failing to obey warning signs and/or the caution cones behind the trailer.

l. In operating his vehicle inattentively while in a construction zone which was active with workers and equipment; and

m. In operating his vehicle while distracted, fatigued, impaired, or unable to utilize judgment to prevent this collision.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence which proximately caused the collision, injuries, and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

## V. CAUSES OF ACTION – DEFENDANTS, UNITED UTILITY SERVICES, LLC AND B&B ELECTRICAL & UTILITY CONTRACTORS, LLC

17. At the time of the subject collision, Defendants, United Utility and/or B&B were the owners and/or operators of the 2025 Freightliner being driven by Defendant, Haggard.

18. Defendants, United Utility and/or B&B provided express permission to Defendant, Haggard to operate the 2025 Freightliner. Defendant Haggard was in the course and scope of his employment.

19. As a result of the foregoing, Defendants, United Utility and/or B&B are vicariously liable to Plaintiff, Montes.

## VI. RESPONDEAT SUPERIOR AGAINST UNITED UTILITY SERVICES, LLC AND B&B ELECTRICAL & UTILITY CONTRACTORS, LLC

20. Defendant Haggard's operation of Defendants, United Utility and/or B&B vehicle was warranted under the express authority granted him by virtue of his agency and/or employment relationship with Defendants, United Utility and/or B&B.

21. When Defendant Haggard, committed the negligent acts described above, he was acting under the direction and control of Defendants, United Utility and/or B&B, and was acting within the course and scope of his employment and in furtherance of Defendants, United Utility and/or B&B.

22. Defendants, United Utility and/or B&B were independently negligent in permitting the driver to operate when he was unable to comply with his statutory responsibilities. Defendants, United Utility and/or B&B are therefore liable to Plaintiff, Montes under the theory of *Respondeat Superior,* for the negligent acts and omissions of their agent and/or employee, Defendant, Haggard, as such acts were committed in the course and scope of this agency and/or employment by Defendants, United Utility and/or B&B, and proximately caused Plaintiff, Montes' injuries.

23. Defendants, United Utility and/or B&B are therefore liable to Plaintiff, Montes for special and general damages in an amount to be proven at trial.

## VII. DEFENDANTS, UNITED UTILITY SERVICES, LLC AND B&B ELECTRICAL & UTILITY CONTRACTORS, LLC'S NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, AND SUPERVISION

24. Defendants, United Utility and/or B&B, entrusted its vehicle to Haggard, a person they knew or should have known was a dangerous and incompetent driver. At all relevant times, Defendants, United Utility and/or B&B owed Plaintiff and other members of the motoring public a legal duty to hire, supervise, train, and retain employees. Defendants, United Utility and/or B&B breached that duty by hiring and failing to train, supervise, and manage Haggard appropriately, prior to placing him in the operation of their vehicle. Haggard was incompetent and/or unfit to safely operate a commercial motor vehicle on public roads and highways, and a reasonable investigation would have revealed this fact.

25. Defendants, United Utility and/or B&B, failed to manage, supervise, and properly train Haggard. Defendants had a legal obligation to instruct a driver to comply with all applicable regulations. Further, the motor carrier and its employees are responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervision, training, assigning, or dispatching of drivers, who shall be instructed to comply with the rules.

26. As a result of the above-described accident caused by the negligent acts and omissions

of Defendants, Haggard and/or United Utility and/or B&B, Plaintiff suffered severe and disabling injuries to his entire body. These injuries have had a serious effect on Plaintiff's health and well-being. As a result of the nature and consequences of his injuries, Plaintiff brings this claim against Defendants, Haggard, United Utility, and B&B for the following elements of damages:

a. Lost wages and loss of earning capacity in the past and future.

b. Physical pain that Plaintiff has suffered in the past and will reasonably expect to suffer in the future.

c. Mental anguish that Plaintiff has suffered in the past and will reasonably expect to suffer in the future.

d. Physical impairment in the past and future.

e. Disfigurement in the past and future.

f. Loss of household services in the past and future; and

g. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries thus far and will reasonably expect to incur in the future.

27. Plaintiff will additionally show that he is entitled to recover pre-judgment interest in accordance with law and equity, as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the law.

## VIII. JURY DEMAND

28. Plaintiff respectfully demands a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **RAMIRO MONTES**, prays that he recover judgment against Defendants **UNITED UTILITY SERICES, LCC, B&B ELECTRICAL & UTILITY CONTRACTORS, LLC AND BENJAMIN HAGGARD**, for Plaintiff's damages, both actual and exemplary, costs of Court, pre-judgment and post-judgment interest at the legal rates on the appropriate elements of damages for the time periods permitted by law, and all other relief, general or specific, at law or in equity, to which he is entitled.

Respectfully Submitted,

**STEVENSON & MURRAY**

By: */s/ Mark T. Murray*
MARK T. MURRAY
Attorney-in-Charge
Fed I.D. 13521
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223 - Telephone
(713) 622-3224 - Facsimile
Email: mmurray@stevensonmurray.com

OF COUNSEL:

**STEVENSON & MURRAY**

By: */s/ William Robert Hand*
WILLIAM ROBERT HAND
Fed. I.D. 1786161
State Bar No. 24078622
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223 - Telephone
(713) 622-3224 - Facsimile
Email: rhand@stevensonmurray.com

By: */s/ Shane R. Kadlec*
SHANE R. KADLEC
Fed I.D. 23728
State Bar No. 00796856
9575 Katy Freeway, Suite 200
Houston, Texas 77024
(281) 643-2000 - Telephone
(281) 643-2010 - Facsimile
Email: srk@injurylawyerhouston.com

**ATTORNEYS FOR PLAINTIFF,**
**RAMIRO MONTES**